# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

JEFFREY JOEL HORRELL,

        Plaintiff,

v.                                   Case No. 5:23-cv-308-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

_____

## OPINION AND ORDER[2]

### I.   Status

Jeffrey Joel Horrell ("Plaintiff"), proceeding pro se, is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of depression, post-traumatic stress disorder ("PTSD"), bipolar disorder, schizophrenia, mania, antisocial personality disorder, psychosis, intermittent explosive disorder, and an abscess and fistula.

---

[1]    Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed August 23, 2023; Reference Order (Doc. No. 14), entered August 29, 2023.

Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed August 23, 2023, at 59, 89, 111, 269, 298, 376. Plaintiff protectively filed an application for SSI on October 6, 2020, alleging a disability onset date of September 1, 2017.[3] Tr. at 214-22. The application was denied initially, Tr. at 87, 88-108, 109-10, 130-35, and upon reconsideration, Tr. at 111-22, 123, 137-38, 140-41.[4]

On January 13, 2022, an Administrative Law Judge ("ALJ") held a hearing,[5] during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. Tr. at 53-86. On February 16, 2022, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 11-22.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted additional medical evidence and a brief. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 46-52 (medical evidence), 210-12 (brief), 213 (request for review). On March 21, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On May 15, 2023, Plaintiff commenced this

---

[3]     Although actually filed on October 28, 2020, see Tr. at 214, the protective filing date of the application is listed elsewhere in the administrative transcript as October 6, 2020, see Tr. at 89, 111.

[4]     Some of these cited documents are duplicates.

[5]     The hearing was held via telephone, with Plaintiff's consent, because of the COVID-19 pandemic. Tr. at 55-56, 143-51, 167-68, 200.

action pro se under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in 1) determining he is not disabled despite letters from treating mental health providers indicating Plaintiff is unable to work; 2) evaluating correspondence from Plaintiff's father about how his impairments affect him; and 3) determining Plaintiff does not meet or medically equal a listing-level impairment. See Untitled document filed December 21, 2023, that the Court construes as Plaintiff's Brief (Doc. No. 19; "Pl.'s Br."). On February 22, 2024, Defendant responded to Plaintiff's arguments by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem."). On March 14, 2024, with permission, Plaintiff filed an untitled document that the Court construes as a reply brief (Doc. No. 21;

"Reply").[6] After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal

---

[6]     The Reply contains unnumbered pages. Citations to it are to the pagination assigned by the Court's electronic filing system (CM/ECF). Plaintiff in the Reply requests a "court date, preferably in person, to provide any additional evidence or testimonies needed." Reply at 2. Plaintiff also attaches medical records and provider notes that are dated after this case commenced (and, therefore, are not included in the administrative transcript). Id. at 3-7; see also Notice (Doc. No. 16). As the Court has previously explained to Plaintiff, in reviewing the Commissioner's final decision on a social security matter under 42 U.S.C. § 405(g), the Court is generally limited to the certified transcript and, with limited exceptions, may only consider the evidence included in the transcript. See Order (Doc. No. 18), entered November 9, 2023, at 2. No additional evidence or testimony may be considered here. Further, the undersigned has considered whether oral argument is warranted in this matter and has determined it is not. If Plaintiff wishes for new evidence to be considered by the SSA, he is free to file another application for SSI.

In the Reply, Plaintiff raises an additional point that he is prescribed a wheelchair and crutches for his physical ailments. Reply at 2. Ordinarily, an argument raised for the first time via a Reply is not considered by a court. See, e.g., United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004). In an abundance of caution, the undersigned has considered Plaintiff's point about the wheelchair and crutches. The administrative transcript does contain at least a prescription for crutches. Tr. at 174. At the hearing before the ALJ, Plaintiff testified that he was prescribed a wheelchair and crutches for times when he is "going through severe pain." Tr. at 62. So, the ALJ obviously was aware of Plaintiff's allegation in this regard. See Tr. at 62-63. Nevertheless, Plaintiff was documented by at least one consultative examiner to have a steady gait without the use of an assistive device. Tr. at 1008. Without any indication by a medical professional about the circumstances for which a wheelchair or crutches would be needed, the ALJ did not reversibly err in failing to address this matter.

[7]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 13-22. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since October 6, 2020, the application date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: major depressive disorder, bipolar disorder, . . . PTSD[], and chronic anal fistula." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1" (the "Listings"). Tr. at 14 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 416.967(c) except: He is able to understand, recall and carry out instructions furnished in written, oral or diagram form and to sustain pace and concentration to perform only simple tasks for 8-hour workdays. He will be able to interact occasionally with coworkers and supervisors but never with the public, and able to adapt to minimal/no changes at the workplace, at jobs that do not require fast-paced production.

Tr. at 16 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 20 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("31 years old . . . on the date the application was filed"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "industrial cleaner," "warehouse worker," and "hospital cleaner," Tr. at 20-21 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since October 6, 2020, the date the application was filed." Tr. at 22 (emphasis and citation omitted).

## III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given

to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" <u>Doughty v. Apfel</u>, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing <u>Falge v. Apfel</u>, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 587 U.S. 97, 103 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff's arguments are addressed in turn.

### A. Letters from treating mental health practitioners

Plaintiff argues the ALJ erred in disregarding letters from his treating mental health providers "recommending that Plaintiff receive [SSI] for his medical diagnosis." Pl.'s Mem. at 1. It appears Plaintiff is referring to letters written by Cornelia Crum, APRN and Ashley Barrett, APRN, [8] in which both Ms. Crum and Ms. Barrett state that Plaintiff is unable to work due to his mental diagnoses. [9] See, e.g., Tr. at 173, 1249, 1267, 1279, 1289. Defendant responds that the ALJ appropriately found the letters unpersuasive because they concern issues that are reserved to the Commissioner. Def.'s Mem. at 12-13.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions

---

[8]    Plaintiff in his brief actually refers to a "Mrs. Burke" without citation, see Pl.'s Br. at 1, but in context it appears he intends to refer to Ms. Barrett, who treats Plaintiff for primary care issues including mental impairments and who wrote a letter indicating these impairments affect his ability to work. See Tr. at 1279.

[9]    Ms. Barrett attributes the alleged inability to work to "both physical and psychiatric" diagnoses. Tr. at 1279.

in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); <u>see also</u> 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[10] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." <u>Harner v. Soc. Sec. Admin., Comm'r</u>, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R.

---

[10]     Plaintiff filed his application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

§ 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[11]

Here, the ALJ found unpersuasive the letters from Ms. Crum and Ms. Barrett. Tr. at 18. The ALJ correctly articulated that she was not obligated to accept these statements because they concern the ultimate issue of ability to work that is reserved to the Commissioner. Tr. at 18; <u>see</u> 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i) (listing as evidence that is inherently neither valuable nor persuasive and therefore not requiring analysis: "Statements on issues reserved to the Commissioner," including "Statements that you are or are not . . . able to perform regular or continuing work"). Moreover, the ALJ articulated that the letters were not consistent with findings

---

[11] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

on mental examinations. Tr. at 18; <u>see</u> 20 C.F.R. § 404.1520c(b)(2). The ALJ did not err.

### B. Correspondence from Plaintiff's father

Plaintiff argues the ALJ erred in determining he is not disabled because the record contains evidence from Plaintiff's father about how his impairments affect him. Pl.'s Br. at 1; <u>see</u> Tr. at 284-91, 353-60. The ALJ, however, explicitly referred to and considered the correspondence from Plaintiff's father. <u>See</u> Tr. at 20. The ALJ stated that such statements "can generally be helpful in making findings regarding [a] claimant's ability to complete activities of daily living; maintain concentration, attention, and pace; engage in social activities; and adapt and manage him/herself," but such statements are "considered evidence from a nonmedical source." Tr. at 20. The ALJ then correctly stated that she does not have to "articulate how this evidence was considered in terms of persuasiveness." Tr. at 20; <u>see</u> 20 C.F.R. § 404.1520c(d), 404.1513(a)(4) (an ALJ is "not required to articulate how [he or she] considered evidence from nonmedical sources using . . . requirements . . . [that are applicable to medical opinions and prior administrative findings]"). The ALJ did not err in considering the correspondence from Plaintiff's father.

### C. Listing-level impairments

Plaintiff argues the ALJ erred in determining that his mental impairments do not meet or medically equal a Listing-level impairment. Pl.'s

Br. at 2-3; Reply at 1. Responding, Defendant contends the ALJ fully considered whether Plaintiff meets or medically equals a listing, and correctly determined he does not. Def.'s Mem. at 5-10.

At step three, the burden rests on the claimant to prove the existence of a Listing-level impairment. <u>Carnes v. Sullivan</u>, 936 F.2d 1215, 1218 (11th Cir. 1991). Mere diagnosis of a listed impairment is not sufficient. <u>See, e.g.</u>, <u>id.</u>; <u>see also</u> <u>Wilson v. Barnhart</u>, 284 F.3d 1219, 1224 (11th Cir. 2002). "To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." <u>Wilson</u>, 284 F.3d at 1224 (internal quotations and citations omitted). "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." <u>Id.</u> (internal quotations and citations omitted).

Here, as noted previously, the ALJ determined at step three that Plaintiff did not meet or equal a Listing. Tr. at 14. As for the mental Listings, the ALJ explicitly considered whether Plaintiff's impairments, singly and in combination, met Listings 12.04 (bipolar disorder), 12.08 (personality and impulse control disorder), and 12.15 (PTSD) and determined they did not. Tr. at 14; <u>see</u> 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04, 12.08, and 12.15. The ALJ further recognized the obligation to "consider[] whether the 'paragraph B' criteria are satisfied." Tr. at 14. The ALJ found Plaintiff has mild restriction in

understanding, remembering, or applying information; moderate restriction in interacting with others; moderate restriction in concentrating, persisting, or maintaining pace; and marked restriction in adapting or managing oneself. Tr. at 14-15. The ALJ determined that because Plaintiff does not have marked restriction in two or more areas, the paragraph B criteria are not satisfied. Tr. at 15. Moreover, the ALJ considered whether the paragraph C criteria are satisfied and determined they are not because Plaintiff "does not have a 'serious and persistent' mental disorder with a two-year or more history of medical treatment" that "relies on ongoing therapy or a highly structured setting," and "has failed to afford achieving more than 'marginal adjustment.'" Tr. at 15. Plaintiff does not make any specific challenges to these findings, instead contending generally that his diagnoses qualify. But, mere diagnosis does not suffice. See Carnes, 936 F.2d at 1218; Wilson, 284 F.3d at 1224. The ALJ did not err at step three.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 10, 2024.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Jeffrey Joel Horrell, pro se
Counsel of Record